GODERICH, Judge.
The Office of the Public Defender [public defender] petitions this Court for a writ of mandamus to compel the lower tribunal committing magistrates, who preside over the felony first appearance hearings, to inquire at the first appearance hearing into each defendant’s ability t.o employ counsel. The system that is currently being employed is that the magistrates automatically appoint the public defender in all cases where private couns'el does not appear, even though they are not making an indigency determination at the first appearance. Because this indi-gency determination is later being made at the^ arraignment, on numerous occasions, the public defender is being appointed to repre-sént non-indigent defendants on a temporary basis.’ Because the system that is currently employed is contrary to the provisions of section 27.52(l)(a), Florida Statutes (1997), and Florida Rule of Criminal Procedure 3.130(c)(1), we grant the petition as limited by this opinion.
Section 27.51(2), Florida Statutes (1997), provides: “The court may not appoint the public defender to represent, even on a temporary basis, any person who is not indigent.” Further, section 27.52(l)(a), Florida Statutes (1997), provides in part: “Before appointing the public defender or a conflict attorney, the court shall consider a completed affidavit that contains the financial information required under paragraph (f) and shall make a preliminary determination of indigency, pending verification by the indi-gency examiner.” Moreover, Rule 3.130(c)(1), Florida Rules of Criminal Procedure, provides:
(c) Counsel for Defendant.
(1) Appointed Counsel. If practicable, the magistrate should determine prior to the first appearance whether the defendant is financially able to afford counsel and whether the defendant desires representation. When the magistrate determines that the defendant is entitled to court-appointed counsel and desires counsel, the magistrate shall immediately appoint counsel. This determination must be made and, if required, counsel appointed no later than the time of the first appearance and before any other proceedings at the first appearance. If necessary, counsel may be appointed for the limited purpose of representing the defendant only at first appearance or at subsequent proceedings before the magistrate.
Section 27,52(l)(a) and Rule 3.130(e)(1) are clear that the indigency determination must be made at the first appearance. However, Rule 3.130(e)(1) also contemplates that “[i]f *1085 necessary, counsel may be appointed for the limited purpose of representing the defendant only at first appearance.... ” Although the rule does not particularly state when this would be “necessary,” there are a few limited instances when a magistrate would be required to appoint the public defender without making an indigency determination prior to or at the first appearance. For example, when a defendant is not capable of filling out the affidavit required by section 27.52(l)(a) due to mental rétardation or mental illness, or when the defendant speaks a foreign language for which no interpreter is available at the first appearance. The appointment of the public defender without first making an indigency determination, however, is clearly intended to be the exception, not the rule. Therefore, because the procedure that is currently employed by the magistrates clearly undermines the intent and spirit of rule 3.130(c)(1), we grant the petition as limited by this opinion.
Petition granted.
COPE, J., concurs.